UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEVI STRAUSS & CO., <br> Plaintiff, <br> v. <br> DAVID CONNOLLY, <br> Defendant. | Case No. 22-cv-04106-VKD <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MARCH 23, 2023 "ANSWER AND COUNTERCLAIM"** <br><br> Re: Dkt. No. 36 |

On April 12, 2023, plaintiff Levi Strauss & Co. ("LS&Co.") filed an "Administrative Submission" (Dkt. No. 36) objecting to defendant David Connolly's March 23, 2023 "Answer and Counterclaim" (Dkt. No. 34 and Dkt. No. 34-1). Noting that Mr. Connolly has filed multiple answers since appearing in this action, LS&Co. contended that Mr. Connolly's March 23 filing is not authorized. The Court construed LS&Co.'s submission as a Rule 12(f) motion to strike Mr. Connolly's March 23 "Answer and Counterclaim," and directed Mr. Connolly to file a response. Dkt. No. 37.

In his response, Mr. Connolly indicates that his March 23 filing reflects his intention to amend his prior answer(s) to add a counterclaim. Dkt. No. 39. While an answer to a complaint may be amended once, as a matter of course, such amendments are only allowed within 21 days after the original answer is served. Fed. R. Civ. P. 15(a)(1)(A). That 21-day deadline has long since passed; Mr. Connolly first filed an answer to LS&Co.'s complaint on November 22, 2022. *See* Dkt. No. 13. As LS&Co. does not stipulate to the filing of the March 23 "Answer and Counterclaim," Mr. Connolly may amend his answer to add a counterclaim, only with the Court's permission. *See* Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend the pleading only

with the opposing party's written consent or the court's leave."). Because Mr. Connolly did not seek leave of court to file his March 23 "Answer and Counterclaim," LS&Co.'s motion to strike that filing is granted.

To the extent Mr. Connolly wishes to amend his prior answer(s) to include a counterclaim, he must file a motion pursuant to Rule 15 of the Federal Rules of Civil Procedure, and in compliance with Civil Local Rule 7, seeking leave of court for such an amendment. Under Rule 15, courts ordinarily must grant leave to amend, but commonly consider several factors in determining whether leave to amend is appropriate, including: (1) undue delay in seeking the amendment, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *See Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).[1] If Mr. Connolly chooses to file a motion to amend his answer, he should file the motion using the "Amend/Correct" e-filing event under the "Motions and Related Filings" Civil Events category for "Motions – General" in the CM/ECF system. Under the Court's case management order (Dkt. No. 33), the deadline for seeking leave to amend pleadings is June 2, 2023.

**IT IS SO ORDERED.**

Dated: April 25, 2023

*[signature]*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] While the nature of the counterclaim Mr. Connolly seeks to add is not entirely clear, insofar as he indicates that he would like to assert a counterclaim for perjury (Dkt. No. 39 at 4), there is no private right of action for such a claim. *See Cooney v. City of San Diego*, No. 4:21-cv-01721-YGR, 2022 WL 1991211, at *4 (N.D. Cal. June 6, 2022) (dismissing claims based on criminal theories, such as obstruction of justice and perjury, on the ground that "there is no private right of action."); *see also generally Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (stating that criminal statutes "provide no basis for civil liability").