UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEVI STRAUSS & CO.,<br><br>Plaintiff,<br><br>v.<br><br>DAVID JAMES CONNOLLY,<br><br>Defendant. | Case No. 22-cv-04106-VKD<br><br>**ORDER RE JUNE 27, 2023 DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 46, 48 |

On June 27, 2023, plaintiff Levi Strauss and Co. ("LS&Co.") unilaterally filed a discovery dispute letter regarding defendant David James Connolly's alleged failure to respond to LS&Co.'s discovery requests. Dkt. No. 46. At the Court's direction, Mr. Connolly filed a response to LS&Co.'s letter on June 29, 2023. Dkt. No. 48; *see* Dkt. No. 47. The Court deems this dispute suitable for resolution without a hearing. Civil L.R. 7-1(b).

Having considered the parties' submissions, the Court concludes that Mr. Connolly has not complied with his discovery obligations, and that LS&Co. is entitled to the relief described below.

**I.    BACKGROUND**

On December 19, 2022, LS&Co. served requests for production of documents ("RFPs"), interrogatories, and requests for admissions ("RFAs") on Mr. Connolly. Dkt. No. 46 at 1; Dkt. No. 40-1; Dkt. No. 46-1. On April 23, 2023, after LS&Co. complained to the Court that Mr. Connolly failed to respond to any of these requests, Mr. Connolly filed on the docket a "discovery response" that the Court construed as his responses to LS&Co.'s discovery requests. *See* Dkt. Nos. 42, 43. The Court ordered the parties to follow the discovery dispute resolution procedures in the Court's Standing Order for Civil Cases if disputes remained regarding Mr. Connolly's

1  discovery responses.  Dkt. No. 43 at 2.

2      LS&Co. disputes the adequacy and timeliness of Mr. Connolly's responses to its discovery

3  requests.  Dkt. No. 46 at 2.  LS&Co. contends that Mr. Connolly refused to confer about his

4  discovery responses as required, and refused to participate in the preparation of a joint discovery

5  dispute submission to the Court.  *Id.*  Mr. Connolly does not deny that he refused to comply with

6  the Court's discovery dispute resolution procedures.  *See generally* Dkt. No. 48.

## II. DISCUSSION

    LS&Co. asks the Court for an order finding that Mr. Connolly has waived all objections, and compelling him to produce all documents responsive to LS&Co.'s document requests and to provide verified answers to LS&Co.'s interrogatories.  In addition, LS&Co. ask the Court to find that its requests for admissions to Mr. Connolly are deemed admitted.  Dkt. No. 46 at 4.  Mr. Connolly refers the Court to his April 24, 2023 discovery responses and says that he has "answered [LS&Co.'s] questions where an answer can be given."  Dkt. No. 48 at 2.  In addition, he refers to information that is "readily available on the website www.GreenTab.clothing" or otherwise "publicly available."  *Id.* at 2-3.

### A. Document Requests

    The Court has reviewed LS&Co.'s document requests and Mr. Connolly's responses to those requests.  Dkt. No. 40-1; Dkt. No. 42.  Mr. Connolly's written responses do not comply with Rule 34(b)(2) of the Federal Rules of Civil Procedure.  The Court agrees with LS&Co. that the responses are untimely.  *See* Fed. R. Civ. P. 34(b)(2)(A) (written responses due within 30 days after service unless a different period for responding is otherwise stipulated to or ordered by the court).  In addition, the responses do not clearly and specifically state the grounds, if any, that Mr. Connolly has for objecting to any particular request, and do not clearly state what documents, if any, will be produced.  Fed. R. Civ. P. 34(b)(2)(B)-(E).  While some of Mr. Connolly's written responses to LS&Co.'s document requests might be understood as statements that he does not have any documents within the scope of the particular request, the Court agrees with LS&Co. that it is difficult to ascertain whether that is in fact his position.  More importantly, Mr. Connolly misunderstands the purpose of document requests: they are the means by which one party obtains

1  documents from the opposing party for use in the litigation. In other words, it is not sufficient for
2  Mr. Connolly to simply provide a written explanation of his views about a particular request or the
3  merits of the litigation; he must actually *provide the documents* called for by the request to
4  LS&Co., subject to any valid objections.

Generally, a party's failure to object to document requests within the time required constitutes a waiver of any objections to those requests, unless the failure is excused. *E.g.*, *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see Karr v. Napolitano*, Case No. C 11–02207 LB, 2012 WL 1965855, at *5 (N.D. Cal. May 31, 2012) (district court may grant relief from a waiver where good cause is shown) (collecting cases). Mr. Connolly failed to timely assert any objections to LS&Co.'s document requests and offers no excuse for that failure. Accordingly, any objections he may have to these document requests are waived.[1]

Mr. Connolly does not dispute that he has produced no documents to LS&Co. Instead, he seems to suggest that no production is required because any responsive documents are available on a website or from other public sources. Dkt. No. 48 at 2-3. While discovery may be limited where a court concludes that the documents sought can be obtained from some other source that is more convenient, less burdensome, or less expensive, *see* Fed. R. Civ. P. 26(b)(2)(C)(i), Mr. Connolly does not suggest that his production of these responsive documents would impose undue inconvenience, burden, or expense. The mere fact that responsive documents are publicly available does relieve Mr. Connolly of his obligation to identify, collect, and produce them to LS&Co. if the documents are within his possession, custody or control. *See Regal Elecs., Inc. v. Pulse Eng'g, Inc.,* No. 5:03-cv-1296 JW RS, 2005 WL 3078983, at *3 (N.D. Cal. Nov. 16, 2005).

**B.     Interrogatories**

The Court has reviewed LS&Co.'s interrogatories and Mr. Connolly's responses to those interrogatories. For some of the interrogatories, Mr. Connolly's written responses, appear to fairly

---

[1] Where such a waiver implicates attorney-client privilege or work product protections, however, the Court must conduct a "holistic reasonableness analysis," taking into account several factors, before finding a waiver. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Mr. Connolly raises no privilege concerns here.

answer the question posed, as required by Rule 33(b)(1) of the Federal Rules of Civil Procedure, even if some of his responses also include irrelevant material or unresponsive commentary. However, Mr. Connolly has not fairly answered Interrogatories Nos. 4-9, 11, 13-14, and 16. In addition, Mr. Connolly has not answered any interrogatory under oath.

Mr. Connolly did not timely object to any of LS&Co.'s interrogatories,[2] and as with the document requests, any such objections are waived. To the extent Mr. Connolly argues that the answers to some or all of the interrogatories may be found in affidavits he has previously filed, any such affidavits do not satisfy his discovery obligations. Mr. Connolly must answer each interrogatory "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). He may not answer by cross-referencing other filings he has made in this or any other matter. He may elect to produce and specify business records in response to Interrogatories Nos. 5, 6, 13, and 14, but *only if* the burden of ascertaining the answers to those interrogatories from those business records will be substantially the same for LS&Co. as it is for Mr. Connolly. *See* Fed. R. Civ. P. 33(d).

In addition, Mr. Connolly must answer all of LS&Co.'s interrogatories "under oath," or by means of an unsworn declaration under penalty of perjury that complies with 28 U.S.C. § 1746.

### C. Requests for admissions

LS&Co. served 74 requests for admissions on Mr. Connolly. Mr. Connolly does not dispute that he did not timely respond to any of these requests within 30 days, as required by Rule 36(a)(3) of the Federal Rules of Civil Procedure.

Rule 36(a) provides that a request for admission is deemed admitted unless the responding party timely serves a written answer or objection. Fed. R. Civ. P. 36(a)(3). A matter admitted pursuant to Rule 36(a) is "conclusively established" unless a court, "on motion," permits a party to withdraw or amend its admission. Fed. R. Civ. P. 36(b). Mr. Connolly does not respond to LS&Co.'s argument that the requests must be deemed admitted. The Court agrees with LS&Co. that, by operation of Rule 36(a), the requests are deemed admitted.

---

[2] As with the document requests, Mr. Connolly was required to respond in writing to LS&Co.'s interrogatories within 30 days, unless that deadline was extended. *See* Fed. R. Civ. P. 33(b)(2).

## III. CONCLUSION

For the reasons explained above, the Court orders as follows:

1. Mr. Connolly must produce to LS&Co. all documents that are responsive to LS&Co.'s document requests. This production must be completed by **July 31, 2023**.
2. If Mr. Connolly contends that he does not have documents responsive to a particular document request, he must provide a written response to any such request clearly stating that he does not have responsive documents. This written response must be served on LS&Co. by **July 21, 2023.**
3. Mr. Connolly must answer all of LS&Co.'s interrogatories separately and fully, in writing, and under oath. The answers must be served on LS&Co. by **August 4, 2023.**
4. LS&Co.'s requests for admissions are deemed admitted.

The Court reminds Mr. Connolly that his discovery responses and document production should be provided to counsel for LS&Co., and not filed with the Court.

The Court recognizes that Mr. Connolly is proceeding without the assistance of counsel but he does not appear to have availed himself of any of the guidance for responding to discovery requests that is available on the Court's website or through the Court's Pro Se Program. *See* Dkt. No. 17 at 1 (directing Mr. Connolly to these resources); Dkt. No. 43 (same). The Court again encourages Mr. Connolly to seek assistance.

**IT IS SO ORDERED.**

Dated: July 13, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge